IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JORDON MACDONALD, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

COVENANT TESTING TECHNOLOGIES, LLC,

    Defendant

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Jordon MacDonald, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Covenant Testing Technologies, LLC ("Covenant").

## STATEMENT OF THE CASE

1.     The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. Covenant violated these laws by failing to include all compensation and hours worked in calculating employee overtime pay. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Covenant for these wage

violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of Covenant, is an individual and resident of the State of Colorado.

3. Defendant Covenant Wireline Services, LLC is a limited liability company doing business at 4657 West 20th Street, Suite 1, Greeley, Colorado 80634. At all times relevant to this action, Covenant has been located in and has conducted business in the State of Colorado.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5. Covenant is an oilfield service company providing flowback and well-testing services in Colorado and Texas. https://ctest.com/ Plaintiff worked for Covenant providing testing services at various locations primarily in Weld County, Colorado.

6. Although Plaintiff was required to work more than twelve (12) hours per day and/or forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours.

7. For example, Covenant paid Plaintiff a "per diem" that was far in excess of Plaintiff's reimbursable business expenses. In fact, Plaintiff had no reimbursable business expenses and, therefore, the so-called per diem was just additional compensation that should have be included in Plaintiff's overtime rate. In addition, Covenant failed to pay Plaintiff for all pre- and post-shift work.

8. On information and belief, none of Covenant's non-exempt employees were paid properly for their time worked.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER COVENANT EMPLOYEES WHO WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED.

10. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds one-hundred.

   b. Numerous questions of law and fact regarding the liability of Covenant are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Covenant's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

   d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with,

and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

11. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and were subjected to Covenant's common practice, policy or plan regarding employee wages and hours.

### FIRST CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

12. Plaintiff incorporates by reference all of the above paragraphs.

13. At all relevant times, Covenant has been, and continues to be, an "employer" within the meaning of the FLSA.

14. Covenant is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

15. At all relevant times, Covenant has had gross annual volume of sales in excess of $500,000.

16. At all relevant times, Covenant has employed, and continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

17. Plaintiff was an employee of Covenant within the meaning of the FLSA.

18. While employed by Covenant, Plaintiff was engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA.

19.     As a result of the foregoing conduct, as alleged, Covenant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20.     As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

21.     Plaintiff incorporates by reference all of the above paragraphs.

22.     At all relevant times, Covenant has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.

23.     At all relevant times, Covenant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

24.     Plaintiff was an employee of Covenant within the meaning of the Wage Claim Act.

25.     As a result of the foregoing conduct, as alleged, Covenant has failed to pay wages due under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order, thereby violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount

sufficient to provide compensation for all overtime hours worked that were not compensated properly. This demand for payment is continuing and is made on behalf of any current Covenant employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq*.)**

27. Plaintiff incorporates by reference all of the above paragraphs.

28. At all relevant times, Covenant has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

29. At all relevant times, Covenant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

30. Plaintiff was an employee of Covenant within the meaning of the Minimum Wage Act.

31. As a result of the foregoing conduct, as alleged, Covenant has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

32. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Breach of Contract)**

33. Plaintiff incorporates by reference all of the above paragraphs.

34. Covenant was contractually obligated to pay Plaintiff and Class Members

overtime as calculated under state and federal law. Although Plaintiff and Class Members complied with all conditions precedent and performed their obligations under the contract, Covenant breached the contract as described herein.

35.     As a result, Plaintiff and Class Members been damaged in an amount to be determined at trial.

## DOCUMENT PRESERVATION

36.     As part of discovery, Plaintiff will be requesting certain documents and information from Covenant.  Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Covenant as follows:

1.     Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.     Ordering prompt notice of this litigation to all potential Class Members;

3.     Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4.     Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5.     Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of September, 2018.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter.  This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004).  This duty "applies to information stored in an electronic medium or format…"  *Id*. at Standard 29.

Various kinds of electronic data will be important in this lawsuit.  The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendant's decision to not include per diems in the overtime rate;

- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority when deciding not to include per diems in the overtime rate;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendant's employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendant's employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Fair Labor Standards Act and/or state wage and hour laws; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.