UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.  18-cv-02290-NRN

JORDON MACDONALD, Individually and on behalf of all similarly situated persons,

    Plaintiff

v.

COVENANT TESTING TECHNOLOGIES, LLC,

    Defendant

_____

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS AND FLSA COLLECTIVE ACTION SETTLEMENT (Dkt. #80)**
_____

N. Reid Neureiter
United States Magistrate Judge

    This case is before the Court for all purposes pursuant to the consent of the parties (Dkt. #9) and Order of Reference entered by then Chief Judge Marcia Krieger (Dkt. #15). Currently before the Court is the Joint Motion for: 1) Final Approval of Class Action Settlement; and (2) Approval of FLSA Collective Action Settlement. Dkt. # 80. The Parties, Plaintiff Jordon MacDonald ("Plaintiff"), for himself and on behalf of the Class, and Defendant Covenant Testing Technologies, LLC ("Defendant") (collectively, the "Parties") appeared before the Court on September 14, 2020, at the Telephonic Hearing on Final Approval of the Class Action Settlement. Dkt. #82. The Court has reviewed the Parties' Joint Motion for: 1) Final Approval of Class Action Settlement; and 2) Approval of FLSA Collective Action Settlement, and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, as well as the Court filed. Having found the requirements for final approval tor settlement of a class action and FLSA

1

collective action have been met, and for the foregoing reasons, the Motion is GRANTED.

The Court entered a Preliminary Approval Order on June 1, 2020 (Dkt # 78, the "Preliminary Approval Order"), preliminarily certifying the putative class in this action for settlement purposes under Fed. R. Civ. P. 23(e), ordering notice to potential class members and to all of the plaintiffs who opted in to this case under the Fair Labor Standards Act (the "Opt-In Plaintiffs"), scheduling a Fairness Hearing, and providing potential class members and opt-ins with an opportunity either to exclude themselves from the Settlement Class and settlement or to object to the proposed settlement (the "Settlement"). The Parties complied with the Preliminary Approval Order. The Court held a Telephonic Fairness Hearing on September 14, 2020 at 9:30 a.m. to determine whether to give final approval to the Settlement

This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only by the Preliminary Approval Order and defined as follows:

> All current and former Well Testing and Production Operators who worked for Defendant in Colorado at any time between September 6, 2016 and February 28, 2020, and who received per diems that were not included in the calculation of the such employee's regular rate of pay (the "Settlement Class").

The Court further finds it has jurisdiction over all of the Opt-In Plaintiffs.

The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure ("Rule") 23(a) and Rule 23(b)(3) for purposes of settlement of this action. Accordingly, the Court finally certifies the Settlement Class for purposes of settlement of this action.

The Court designates Plaintiff as class representative and appoints the following

2

attorneys as Class Counsel:

>Brian David Gonzales, Esq.
>**THE LAW OFFICES OF BRIAN D. GONZALES**
>2580 East Harmony Road, Suite 201
>Fort Collins, CO 80528
>Telephone: (970) 214-0562
>BGonzales@ColoradoWageLaw.com

The Court finds that Plaintiff and Class Counsel have fairly, fully, and adequately represented and protected the interests of the Settlement Class, as well as the Opt-In Plaintiffs, and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(e)(2)(A).

The Notice of Proposed Settlement and Right to Opt-Out (Dkt. #48-1) (the "Class Notice") was sent to the 1,036 members of the Settlement Class (the "Class Members") via First Class Mail. The Class Notice was also sent to all of the Opt-In Plaintiffs. The Court finds the Class Notice adequately informed the Class Members and Opt-In Plaintiffs of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. No objections were made to the Settlement and 1 individual opted out of the Settlement.

The Class Notice also adequately informed the Class Members and Opt-In Plaintiffs of the contact information for Optime Administration, the Settlement Claims Administrator ("Settlement Administrator"), and Class Counsel, where Class Members and Opt-In Plaintiffs could access additional information regarding the case and Settlement. The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members and Opt-In Plaintiffs . The Court finds that the strength of Plaintiff's case on the merits, weighed against Defendant's defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The settlement amount of $1,100,000.00 (the "Maximum Gross Settlement Amount"), as set forth in the Settlement Agreement (ECF No. 74-1), is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. The Settlement treats all Class Members equitably relative to each other. Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

The Court further finds that there are significant disputes as to law and fact warranting a compromise of the FLSA claims of the Opt-In Class Members. The Court approves the Settlement as to the Opt-In Class Members and hereby finds the Settlement to be fair and reasonable.

The Court finds that Plaintiff, in prosecuting the case on behalf of the Class Members, made a substantial contribution to its outcome, and is therefore deserving of a service award in recognition of his effort.  A Service Award in the sum of $15,000.00 is therefore approved for Plaintiff.

The Court previously found that proposed fee of $396,000 in attorney fees, which is

36% of the Maximum Gross Settlement Amount, was reasonable. Class Counsel spent approximately 290 hours on the case, which, combined with the experience of counsel and novelty of the issues, the fee of $296,000 is within the customary range for both percentage and lodestar multiplier, and should be approved. Class Counsel's attorneys' fees shall be paid from the Maximum Gross Settlement Amount. Class Counsel also is awarded $10.503.66 in recoverable litigation costs to be paid from the Maximum Gross Settlement Amount.

For the foregoing reasons, it is HEREBY ORDERED that the subject Motion is GRANTED and the parties' settlement agreement is APPROVED. It is FURTHER ORDERED that

    a. the Parties shall administer the Settlement as set forth in the Settlement Agreement;

    b. the Settlement Administrator shall make payments to each Class Member and Opt-In Claimant in accordance with the calculations provided by and on the terms set forth in the Settlement Agreement;

    c. the costs of the Settlement Administrator shall be deducted from the Maximum Gross Settlement Amount; and

    d. the Parties shall file a motion to dismiss or stipulation of dismissal of this action in accordance with the terms of the Settlement Agreement.

Date: September 14, 2020            By the Court:

*N. Reid Neureiter* (signature)

N. Reid Neureiter
United States Magistrate Judge